

CT Corporation
Service of Process Notification
04/22/2024
CT Log Number 546250542

## Service of Process Transmittal Summary

**TO:** Isabelle Pierre, EVP, General Counsel
KIK Consumer Products
101 MACINTOSH BLVD
CONCORD, ON L4K 4R5

**RE:** Process Served in Louisiana

**FOR:** Bio-Lab, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EDMOND WAYNE GEORGE // To: Bio-Lab, Inc. |
| **CASE #:** | 2024001180 |
| **NATURE OF ACTION:** | Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/22/2024 at 10:13 |
| **JURISDICTION SERVED:** | Louisiana |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Isabelle Pierre  ipierre@kikcorp.com |
| | Email Notification, Patricia Miniati  pminiati@kikcorp.com |
| | Email Notification, Cherrine Chow  cchow@kikcorp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816
866-203-1500
DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A

Page 1 of 1



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Apr 22, 2024
**Server Name:** Drop Service

| Entity Served | BIO LAB INC |
|---|---|
| Case Number | 2024-001180 |
| Jurisdiction | LA |

| Inserts ||
|---|---|
| | |



Citation for Petition

| | | |
|---|---|---|
| EDMOND WAYNE GEORGE<br>VS.   2024-001180<br>BIO LAB INC |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA
TO:  BIO LAB INC
     THRU ITS REGISTERED AGENT:
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DR
     BATON ROUGE, LA  70816
Parish of East Baton Rouge

You are named as Defendant in the above captioned matter. Attached to this citation is a:
"PETITION FOR DAMAGES"
You must either comply with the demand contained in the petition of EDMOND WAYNE GEORGE     , or make an appearance either by filing an answer or pleading in the 14th Judicial District Court located at 1000 Ryan St., Lake Charles, LA within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

    **Article 1001 of the Louisiana Code of Civil Procedure states:**
    G.  A Defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
        If the plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of citation and service of discovery request.
    H.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
    I.  The Court may grant additional time for answering.
    **Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
    A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.
    **THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**
Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 20th day of March 2024.

Issued and delivered April 7, 2024.



Crystal Bennett
Deputy Clerk of Court

---

### SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE    $_____        BY: _____
                                                    Deputy Sheriff
MILEAGE  $_____

TOTAL $_____

Party No.   P001


Filing Date: 04/07/2024 02:43 PM     Page Count: 1
Case Number: 2024-001180
Document Name: 1604 Citation for Petition

[ Service Copy ]
CMS1604

Page 1 of 1

**14th JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU**

**STATE OF LOUISIANA**

NO.                                                                DIVISION:

**EDMOND WAYNE GEORGE**

**VERSUS**

**BIO-LAB, INC.**

FILED: _____

> Calcasieu
> H. Lynn Jones, II
> Brittany McLaughlin
> Suit#2024-1180 E
> E-Filed on: 3/20/24 04:02 PM
> # of Pages:11

DEPUTY CLERK

*******************************************************************************

## PETITION FOR DAMAGES

P1

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, EDMOND WAYNE GEORGE, who brings this lawsuit and respectfully represents the following:

**PARTIES**

1.

Made and named Plaintiff herein is EDMOND WAYNE GEORGE (hereafter, "Plaintiff"), a person of the full age of majority who is a citizen of and is domiciled in Lake Charles, Calcasieu Parish, Louisiana.

2.

Made and named Defendant herein is BIO-LAB, INC. (hereafter, "Defendant" or "Bio-Lab"), a foreign corporation domiciled in Wilmington, Delaware and which is authorized to do business and doing business in the State of Louisiana. Bio-Lab may be served through its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

**JURISDICTION AND VENUE**

3.

1

This Court has jurisdiction over Bio-Lab pursuant to Louisiana Revised Statute §13:3201(A)(1)-(3) and (5) because Bio-Lab transacted business in this state; contracted to supply services or things in this state; caused injury and damage by an offense or quasi offense committed through an act or omission in this state; and has an interest in, using or possessing a real right on immovable property in this state.

4.

This Court also has jurisdiction over this matter because the amount in controversy in this matter and the subject matter upon which it is based are sufficient to justify jurisdiction in this Court pursuant to Louisiana Code of Civil Procedure Article 2.

5.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 74 because this is an action against Bio-Lab for the recovery of damages for an offense or quasi offense that was committed in Calcasieu Parish (*i.e.*, Bio-Lab's wrongful conduct occurred in Calcasieu Parish), and because Calcasieu Parish is the parish where the Plaintiff sustained damages as a result of the wrongful conduct of Bio-Lab.

**FACTUAL ALLEGATIONS**

6.

At all times relevant hereto, Bio-Lab owned, operated, possessed, supervised, managed, and/or controlled a chemical plant located at 910 I-10 West, Westlake, Calcasieu Parish, State of Louisiana.

7.

Bio-Lab is a leading company in the recreational water treatment industry, and it is a top supplier of pool and spa treatment products in North America and international markets.

2

8.

At all times relevant hereto, Bio-Lab manufactured and supplied pool and spa chemicals, including trichloroisocyanuric acid, or TCCA, which contains up to 90% chlorine and is used to sanitize swimming pools and spas.

9.

Previously, in August of 2020, the Bio-Lab chemical plant in Westlake, Louisiana suffered severe damage as a result of Hurricane Laura. Following the damage to Bio-Lab's chemical plant in Westlake, Louisiana caused by Hurricane Laura, approximately $250 million was invested in redesigning and rebuilding the damaged Bio-Lab chemical plant in Westlake, Louisiana, and the chemical plant reopened and resumed its production operations in or around November of 2022.

10.

On the morning of March 22, 2023, there was a chlorine gas leak from the Bio-Lab chemical plant in Westlake, Louisiana.

11.

Upon information and belief, the March 22, 2023 Bio-Lab chlorine gas leak occurred from a chlorine transport line going into the newly rebuilt Bio-Lab chemical plant in Westlake, Louisiana.

12.

As a result of the Bio-Lab chlorine gas leak, a large visible vapor cloud could be seen in the area surrounding the Bio-Lab chemical plant in Westlake, Louisiana.

13.

According to the U.S. Centers for Disease Control and Prevention, liquid chlorine turns into a gas when it is released, and that gas can stay close to the ground and quickly spread.

14.

On the morning of March 22, 2023, and at the time of the Bio-Lab chlorine gas leak, Plaintiff was driving on Interstate 10 near the Bio-Lab chemical plant in a westerly direction toward Sulphur, Louisiana and drove through what appeared to be a "huge fog."

15.

After Plaintiff drove through the "huge fog," Plaintiff immediately began coughing uncontrollably and experienced trouble breathing, itching/watery eyes, and skin irritation.

16.

At the time of the Bio-Lab chlorine gas leak there was no audible emergency alerts to warn the public, including Plaintiff, of the said chlorine gas leak, and upon information and belief, Bio-Lab did not timely warn the public (including Plaintiff) or the appropriate government agencies of the chlorine gas leak.

17.

However, once news of the Bio-Lab chlorine gas leak, the people living within a one-mile radius of the I-10 bridge near the Westlake exit (near the Bio-Lab chemical plant) were told to immediately shelter in place, close their windows and doors, turn off any air conditioning, and wait for emergency updates.

18.

Being exposed to chlorine at high levels is associated with a host of symptoms that include but are not limited to blurry vision, respiratory distress, skin blisters, nausea, and vomiting. Additionally, gaseous chlorine is poisonous and classified as a pulmonary irritant that can cause permanent lung damage, and it has intermediate water solubility with the capability of causing both acute and permanent damage to the upper and lower respiratory tracts and can be fatal to

4

humans.

19.

As a result of the Bio-Lab chemical release on March 22, 2023, Plaintiff was caused to suffer respiratory and systemic injuries including as eye irritation, nasal irritation, throat irritation, cough, wheezing, restrictive lung impairment, chronic dyspnea, and skin irritation.

## CAUSES OF ACTION

### COUNT 1
### NEGLIGENCE

20.

Plaintiff repeats, reiterates and re-alleges every allegation of this Petition for Damages contained in the paragraphs above, with the same force and effect as if fully set forth herein:

21.

At all times relevant hereto, Bio-Lab owned, operated, possessed, supervised, managed, and/or controlled its chemical plant in Westlake, Louisiana, had care, custody and control of its said chemical plant, and had knowledge of the unreasonably dangerous and hazardous chemicals manufactured at and/or sent through its said chemical plant.

22.

At all times relevant hereto, Bio-Lab owed a duty to the public, including Plaintiff, to design, operate, and maintain its chemical plant in Westlake, Louisiana in a manner that minimizes hazardous and toxic chemical emissions to the environment and protects the safety and well-being of the neighboring communities and citizens.

23.

At all times relevant hereto, Bio-Lab owed a duty to the public, including Plaintiff, to act prudently and responsibly with respect to the operation of its chemical plant in Westlake, Louisiana

so as to not create an unreasonable risk of harm to the public, including Plaintiff.

24.

Bio-Lab breached its aforementioned duties owed to the public, including Plaintiff, in the following, non-exclusive, particulars:

    a.    Prior to the fire and release of chlorine gas on March 22, 2023, Bio-Lab failed to determine that its harmful and toxic chemicals, including chlorine, could be handled and processed in a reasonable and safe manner at its chemical plant in Westlake, Louisiana;

    b.    Bio-Lab failed to have reasonable procedures in place to avoid a release of harmful and toxic chemicals, including chlorine, from its chemical plant in Westlake, Louisiana when it knew or should have known that the failure to do so could and/or would cause the harmful and toxic chemicals to be released into the atmosphere and surrounding communities;

    c.    Bio-Lab failed to maintain its chemical plant so as to keep harmful and toxic chemicals from escaping when it knew or should have known that the failure to do so could and/or would cause the harmful and toxic chemicals to be compromised and released into the atmosphere and surrounding communities;

    d.    Bio-Lab failed to properly safeguard the harmful and toxic chemicals, including chlorine at its chemical plant in Westlake, Louisiana when it knew or should have known that the failure to do so could and/or would cause the harmful and toxic chemicals to be released into the atmosphere and surrounding communities;

    e.    Bio-Lab failed to properly secure its chemical plant in Westlake, Louisiana so as to keep harmful and toxic chemicals from escaping and being released into the atmosphere when it knew or should have known that the failure to do so could and/or would cause the harmful and toxic chemicals to be released into the atmosphere and surrounding communities;

    f.    Bio-Lab failed to contain and control the harmful and toxic chemicals, including chlorine, at its chemical plant in Westlake, Louisiana while knowing that exposure to such harmful and toxic chemicals were toxic to humans, including Plaintiff;

    g.    Bio-Lab failed to maintain proper control over its chemical plant in Westlake, Louisiana so as to keep harmful and toxic chemicals, including chlorine, from escaping and being released into the atmosphere and surrounding communities when it knew or should have known that the failure to do so could and/or would cause the harmful and toxic chemicals to be released into the atmosphere and surrounding communities;

h. Bio-Lab failed to properly train its employees so as to keep harmful and toxic chemicals, including chlorine, from escaping its chemical plant in Westlake, Louisiana and being released into the atmosphere and surrounding communities;

i. Bio-Lab failed to properly transport, store, and contain the harmful and toxic chemicals, including chlorine, at its chemical plant in Westlake, Louisiana in a timely and safe manner so as to ensure that the chemicals, including chlorine, would not be released into the atmosphere and surrounding communities on March 22, 2023, thereby creating an unreasonable risk of harm to Plaintiff;

j. Bio-Lab failed to take adequate precautions for the safe handling of hazardous and toxic chemicals within its chemical plant in Westlake, Louisiana;

k. Bio-Lab operated defective equipment and/or other appurtenances, which permitted releases of hazardous and toxic chemicals from its chemical plant in Westlake, Louisiana;

l. Bio-Lab failed to properly maintain its process lines (at its chemical plant in Westlake, Louisiana) in a functional and safe condition;

m. Bio-Lab failed to maintain its chemical process and production units (at its chemical plant in Westlake, Louisiana) in a functional and safe condition;

n. Bio-Lab failed to provide and/or have adequate or timely warnings, alarms, sirens or alerts to the public, including Plaintiff, so as to mitigate or prevent Plaintiff's injuries as a result of the harmful and toxic chemicals escaping from its chemical plant in Westlake, Louisiana and being released into the atmosphere and surrounding communities on March 22, 2023;

o. Bio-Lab failed to timely notify the community and the public, including Plaintiff, about the hazardous nature of the harmful and toxic chemicals released from its chemical plant in Westlake, Louisiana on March 22, 2023;

p. Bio-Lab failed to provide timely notice and warning of the discharge and release of dangerous and hazardous chemicals into the atmosphere and surrounding communities;

q. Bio-Lab failed to timely and adequately warn persons, including Plaintiff, outside of its chemical plant in Westlake, Louisiana of the dangers of the chemicals released;

r. Bio-Lab failed to ensure that its employees at its chemical plant in Westlake, Louisiana were adequately trained to respond to emergency situations to prevent harm to people, including Plaintiff, outside the plant as a result of toxic emissions;

s. Bio-Lab failed to implement a Process Hazard Analyses and/or failed to implement

7

an adequate Process Hazard Analyses;

t. Bio-Lab failed to implement an Emergency Preparedness and Response plan at its chemical plant in Westlake, Louisiana and/or failed to implement an adequate Emergency Preparedness and Response plan at its chemical plant in Westlake, Louisiana;

u. Bio-Lab failed to adhere to Applicable Hazardous Materials Codes with respect to its operations at its chemical plant in Westlake, Louisiana;

v. Bio-Lab failed to acquire and/or maintain the equipment necessary to prevent release of hazardous and toxic chemicals from its chemical plant in Westlake, Louisiana;

w. Bio-Lab failed to develop, implement, and/or follow plant operating and environmental procedures and guidelines regarding the methods of minimizing the emission of hazardous and toxic chemicals to the atmosphere from its chemical plant operations;

x. Bio-Lab handled hazardous and toxic materials with reckless disregard for the safety of the inhabitants, including Plaintiff, of the area;

y. Bio-Lab failed to have adequate personnel employed trained to safely accomplish the activities in which they were engaged at the time of the toxic chemical release from its chemical plant in Westlake, Louisiana;

z. Bio-Lab failed to properly train the employees of its chemical plant in Westlake, Louisiana with respect to taking proper emergency precautions for hazardous chemical releases; and

aa. Any other negligent acts and/or omissions of Bio-Lab that are determined through discovery and proven in these proceedings.

25.

As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Bio-Lab, Plaintiff was exposed to and inhaled dangerous levels of the toxic and hazardous chemicals released from Bio-Lab's chemical plant in Westlake, Louisiana and Plaintiff was caused to suffer personal injuries and damages as alleged herein.

26.

The negligent acts and/or omissions committed by Bio-Lab were the direct and proximate

cause of Plaintiff's injuries, and therefore Bio-Lab is liable to Plaintiff pursuant to Louisiana Civil Code Articles 2315 *et seq*; 2316 *et seq*; 2317 *et seq*; and 2320.

27.

At all times relevant hereto, Plaintiff exercised reasonable care and was not negligent or at fault in any way in causing the subject chemical release and/or his resulting injuries and damages.

## COUNT 2
## RES IPSA LOQUITUR

28.

Plaintiff repeats, reiterates and re-alleges every allegation of this Petition for Damages contained in the paragraphs above, with the same force and effect as if fully set forth herein:

29.

Plaintiff pleads the doctrine of *res ipsa loquitur*. At all material times, the chlorine gas and other toxic chemicals were under the exclusive care, custody and control of Bio-Lab.

30.

The release of toxic and hazardous chlorine gas from Bio-Lab's chemical plant in Westlake, Louisiana was an event that would not have occurred but for the negligence of the Bio-Lab. As such, Plaintiff pleads the doctrine of *res ipsa loquitur*.

31.

As a direct and proximate result of the negligent acts and/or omissions of Bio-Lab, Plaintiff was exposed to and inhaled dangerous levels of the toxic and hazardous chemicals released from Bio-Lab's chemical plant in Westlake, Louisiana which consequently caused Plaintiff to suffer personal injuries and damages as alleged herein.

## DAMAGES

32.

As a direct result of the aforementioned chemical release caused by the negligent acts and/or omissions of Bio-Lab, Plaintiff sustained severe injuries and damages which include but are not limited to the following:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future mental anguish and emotional distress;

c. Past, present, and future disfigurement and disability;

d. Past, present, and future loss of enjoyment of life and inconvenience;

e. Past, present, and future medical expenses;

f. Past, present, and future loss of income; and

g. Loss of earning capacity.

## PRAYER FOR RELIEF

33.

**WHEREFORE**, Plaintiff, EDMOND WAYNE GEORGE, prays that Defendant BIO-LAB, INC. be served with this Petition for Damages; that said Defendant be cited to appear and answer same; and after due proceedings be had, that judgment be entered in favor of Plaintiff and against Defendant BIO-LAB, INC. in a sum sufficient to compensate Plaintiff for the following:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future mental anguish and emotional distress;

c. Past, present, and future disfigurement and disability;

d. Past, present, and future loss of enjoyment of life and inconvenience;

e. Past, present, and future medical expenses;

f. Past, present, and future loss of income;

g. Loss of earning capacity; and

h. All other forms of relief provided by law or equity together with interest from the date of judicial demand until paid, and costs of these proceedings.

Respectfully submitted by:

*Lance Unglesby*

Lance C. Unglesby (La. Bar #29690)
Adrian M. Simm, Jr. (La. Bar #36673)
Jamie F. Gontarek (La. Bar #37136)
**UNGLESBY & CROMPTON, LLC**
607 St. Charles Ave., Ste. 300
New Orleans, Louisiana 70130
Telephone: (504) 345-1390
Facsimile: (504) 324-0835
Lance@ucjustice.com
Adrian@ucjustice.com
Jamie@ucjustice.com

Yul D. Lorio (La. Bar #20275)
**TAUZIN & LORIO**
1228 Camellia Boulevard, Suite A
Lafayette, Louisiana 70508
Telephone: (337) 988-7588
Facsimile: (337) 988-7522
yul@loriolaw.com

*Attorneys for Plaintiff*

**PLEASE SERVE THE DEFENDANT WITH CITATION AND THIS PETITION FOR DAMAGES AS FOLLOWS:**

**BIO-LAB, INC.**
Through its Registered Agent for Service:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

A TRUE COPY
Lake Charles, Louisiana
*Crystal Bennett*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

11